---
Dudley *v.* Kimball.
---

## DUDLEY *v.* KIMBALL.

The statute of limitations is not a bar to an action on a simple contract, unless the defendant has been six years within the State.

ASSUMPSIT on a promissory note. The defendant pleaded the statute of limitations, to which the plaintiff replied that the defendant was beyond the jurisdiction from the time of the date of the note until six months before the action was commenced. The defendant rejoined that he and the payees of the note are not and never have been citizens of this State; that on the first day of July, 1841, the plaintiff came to reside in Lowell, Mass., and has ever since resided there, and now continues to reside there; that in June, 1843, the plaintiff, then being the owner of the note, commenced an action thereon against him, returnable to the then next term of the court of common pleas to be holden at Lowell, which action he discontinued and did not enter; and that the defendant has never resided in the State of New-Hampshire as a citizen

thereof, nor has he ever been within the limits thereof excepting temporarily, and upon his private business.

To this rejoinder the plaintiff demurred.

*Dudley*, for the plaintiff.

*Abbot & Fox*, for the defendant.

Woods, J. The plea sets up the statute of limitations in bar of this action. The replication meets the plea with an averment, that at the time when the action accrued, and ever since, till within six years next before its commencement, the defendant resided out of the State, and was absent from it.

The rejoinder seeks to avoid this fact, by the averment that when the debt was contracted the parties to it both resided in the State of Maine; that on the first day of December, 1836, the defendant became a resident of the commonwealth of Massachusetts, and has ever since so continued, and that the creditor became an inhabitant of the same State on the first day of July, 1841, and has since so continued. These facts are all conceded by the demurrer which the plaintiff has put in.

The effect of the statute of limitations is to assign a limit beyond which, if a party without legal impediment delay to assert his right, the courts shall not lend their aid for that purpose. But these statutes do not in general impute *laches*, unless the forum of the State which enacts them has been actually open to the parties during a period equal to that of the limitation, and courts do not in general inquire into and take notice of *laches* which parties may have practiced in omitting to avail themselves of a foreign jurisdiction; but the repose which the statute provides must in general be purchased by actual residence within the jurisdiction of the domestic forum the

requisite length of time, or at least by holding property exposed to its process.

In the first place, a statute of the State where the cause is tried cannot be pleaded in bar of an action, until the party to be sued, or his property, has been six years preceding the action within the process of the State where the trial is to be had. That familiar principle of law is contained in the cases of *Duplex* v. *DeRoven*, 2 Vt. 540, and *Bulger* v. *Roche*, 11 Pick. 36, and it is well settled that courts do not take notice of any foreign statute of limitation, unless the party have absolutely lost all right of action in the foreign court, by having omitted, during the period prescribed by that statute, to assert his right there ; he having had full opportunity of doing so.

Whether the rule requires to be stated with this qualification it is not necessary, nor is it our purpose in this case, to decide. The subject has received attention and discussion in Story's Commentary on the Conflict of Laws 486, sec. 581 ; Angell on Limitations 62 ; *Leroy* v. *Crowningshield*, 2 Mason 151.

This general doctrine which we have stated was affirmed in the leading case of *Williams* v. *Jones*, 13 E. 439. The plea was, in effect, that the debt was contracted in India, where the defendant continued to reside for more than six years, which, by the laws that were in force there, would have barred a recovery in the courts of that country. The plea was overruled upon demurrer. The fact that the plaintiff had, during most of the time since the contract was made, resided in England, was adverted to by the court. This was also the doctrine of *Byrne* v. *Crowningshield*, 17 Mass. 55.

But the decision of the present case rests upon the very plain and unquestioned proposition, that the statute of limitations protects those parties only who have been within the process of the court during the period prescribed. No foreign statute has been pleaded, and no question arises as to the force of such a statute.

The replication sets up a perfect answer to the plea, and is not avoided by the rejoinder, which must be adjudged bad on the demurrer.

*Judgment for the plaintiff on demurrer.*